**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| SEAN MICHAEL ALMONTE,<br><br>                    Plaintiff<br><br>        v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.,<br>EQUIFAX INFORMATION SERVICES, LLC,<br>TRANS UNION, LLC and NELNET SERVICING,<br>LLC,<br><br>                    Defendants | Civil Action<br><br>Case No. 3:26-cv-00139-OAW |

**DEFENDANT NELNET SERVICING, LLC'S ANSWER AND AFFIRMATIVE**
**AND OTHER DEFENSES TO COMPLAINT**

Defendant Nelnet Servicing, LLC ("Nelnet") files the following answer and affirmative and other defenses (the "Answer and Defenses") to the complaint (the "Complaint") filed by plaintiff Sean Michael Almonte ("Plaintiff"). Pursuant to Federal Rule of Civil Procedure 8(b), Nelnet generally denies all averments contained in the Complaint, except such designated averments or paragraphs as Nelnet specifically admits below:[1]

**INTRODUCTION**

1. Admitted in part; denied in part. It is admitted solely that Plaintiff has asserted violations of the Fair Credit Reporting Act ("FCRA") in the Complaint. It is expressly denied that Nelnet has not complied with any obligation imposed on it under the FCRA, and Nelnet furthermore expressly denies that it is liable to Plaintiff for any reason whatsoever. The remaining

---

[1] For ease of reference and to facilitate a review of its Answer and Defenses, Nelnet has attempted to incorporate into its Answer and Defenses the primary headings used by Plaintiff in the Complaint, although Nelnet does not adopt, either expressly or by implication, any statements contained in those headings. To the extent that Plaintiff's headings require a response, Nelnet denies any allegations contained therein.

averments are denied as conclusions of law to which no response is required.  To the extent a further answer is required, the remaining averments are denied.

## JURISDICTION AND VENUE

2.    Denied.  This averment is denied as a conclusion of law to which no response is required.  To the extent an answer is required, this averment is denied.

3.    Admitted in part; denied in part.  It is admitted solely that Nelnet was not formed and is not organized in Connecticut and that it does not have a principal place of business in Connecticut.  Nelnet is without knowledge or information sufficient to know whether the other named defendants were formed or organized in Connecticut or have a principal place of business in Connecticut and therefore denies these averments.  The remaining averments are denied as conclusions of law to which no response is required.  To the extent a further answer is required, the remaining averments are denied.

4.    Denied.  This averment is denied as a conclusion of law to which no response is required.  To the extent an answer is required, this averment is denied.

## PARTIES

5.    Admitted in part; denied in part.  It is admitted solely that Plaintiff is a "consumer" as that term is defined in the FCRA.  Nelnet is without knowledge or information sufficient to respond to the remaining averments and therefore denies them.

6.    Denied.  Nelnet is without knowledge or information sufficient to respond to this averment, and therefore it is denied.

7.    Denied.  Nelnet is without knowledge or information sufficient to respond to this averment, and therefore it is denied.

8.      Denied.  Nelnet is without knowledge or information sufficient to respond to this averment, and therefore it is denied.

9.      Admitted.  It is admitted that Nelnet engages in the business of servicing educational loans and is headquartered in Lincoln, Nebraska.

10.     Admitted.  It is admitted that Nelnet engages in the business of servicing educational loans and is a "furnisher" of consumer information, as that term is defined in the FCRA.

## FACTUAL ALLEGATIONS

11.     Denied.  Nelnet is without knowledge or information sufficient to respond to these averments, and therefore they are denied.

12.     Denied.  Nelnet is without knowledge or information sufficient to respond to these averments, and therefore they are denied.

13.     Denied.  Nelnet is without knowledge or information sufficient to respond to these averments, and therefore they are denied.

14.     Denied.  Nelnet is without knowledge or information sufficient to respond to these averments, and therefore they are denied.

15.     Denied.  Nelnet is without knowledge or information sufficient to respond to these averments, and therefore they are denied.

16.     Denied.  Nelnet is without knowledge or information sufficient to respond to these averments, and therefore they are denied.

17.     Denied.  The implication that Plaintiff only learned of the existence of the educational loan accounts in August of 2025 is expressly denied.  Nelnet is without knowledge or information sufficient to respond to these averments, and therefore they are denied.

18.     Admitted in part; denied in part.  It is admitted solely that Plaintiff contacted Nelnet by telephone in August of 2025.  The implication that this is the first time that Plaintiff contacted Nelnet concerning his educational loan accounts, or that Plaintiff did not previously engage in activity with respect to the educational loan accounts consistent with that of a legally obligated borrower, is expressly denied.  Nelnet is without knowledge or information sufficient to respond to the remaining averments, and therefore they are denied.

19.     Admitted in part; denied in part.  It is admitted, upon information and belief, that Plaintiff has requested a copy of the Master Promissory Note.  Nelnet is without knowledge or information sufficient to respond to the remaining averments, and therefore they are denied.

20.     Denied.  Nelnet is without knowledge or information sufficient to respond to these averments, and therefore they are denied.

21.     Denied.  These averments are not directed at Nelnet and, on that basis, no response is required.  To the extent that an answer is required,  Nelnet is without knowledge or information sufficient to respond to these averments, and therefore they are denied.

22.     Denied.  These averments are not directed at Nelnet and, on that basis, no response is required.  To the extent that an answer is required, Nelnet is without knowledge or information sufficient to respond to these averments, and therefore they are denied.

23.     Denied.  These averments are not directed at Nelnet and, on that basis, no response is required.  To the extent that an answer is required, Nelnet is without knowledge or information sufficient to respond to these averments, and therefore they are denied.

24.     Denied.  These averments are not directed at Nelnet and, on that basis, no response is required.  To the extent that an answer is required, Nelnet is without knowledge or information sufficient to respond to these averments, and therefore they are denied.

25.     Denied.  These averments are not directed at Nelnet and, on that basis, no response is required.  To the extent that an answer is required, Nelnet is without knowledge or information sufficient to respond to these averments, and therefore they are denied.

26.     Denied.  These averments are not directed at Nelnet and, on that basis, no response is required.  To the extent that an answer is required, Nelnet is without knowledge or information sufficient to respond to these averments, and therefore they are denied.

27.     Denied.  These averments are not directed at Nelnet and, on that basis, no response is required.  To the extent that an answer is required, Nelnet is without knowledge or information sufficient to respond to these averments, and therefore they are denied.

28.     Denied.  These averments are not directed at Nelnet and, on that basis, no response is required.  To the extent that an answer is required, Nelnet is without knowledge or information sufficient to respond to these averments, and therefore they are denied.

29.     Denied.  These averments are not directed at Nelnet and, on that basis, no response is required.  To the extent that an answer is required, Nelnet is without knowledge or information sufficient to respond to these averments, and therefore they are denied.

30.     Admitted in part; denied in part.  It is admitted only that Nelnet received at least one automated credit dispute verification ("ACDV") from Trans Union related to Plaintiff.[2]  The averment that "Nelnet failed to adequately reinvestigate" is expressly denied, as Nelnet does not have "reinvestigation" duties under the FCRA.  The implication that any ACDV Nelnet received was accompanied by a written dispute from Plaintiff is also expressly denied.  Both the implication that Nelnet has not complied with any obligation imposed on it under the FCRA and that Nelnet

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Complaint.

is liable to Plaintiff for any reason whatsoever are furthermore expressly denied.  The remaining averments are denied as conclusions of law to which no response is required.

31.     Denied.  These averments are not directed at Nelnet and, on that basis, no response is required.  To the extent that an answer is required, Nelnet is without knowledge or information sufficient to respond to these averments, and therefore they are denied.

32.     Denied.  These averments are not directed at Nelnet and, on that basis, no response is required.  To the extent that an answer is required, Nelnet is without knowledge or information sufficient to respond to these averments, and therefore they are denied.

33.     Denied.  These averments are not directed at Nelnet and, on that basis, no response is required.  To the extent that an answer is required, Nelnet is without knowledge or information sufficient to respond to these averments, and therefore they are denied.

34.     Denied.  These averments are not directed at Nelnet and, on that basis, no response is required.  To the extent that an answer is required, Nelnet is without knowledge or information sufficient to respond to these averments, and therefore they are denied.

35.     Denied.  These averments are not directed at Nelnet and, on that basis, no response is required.  To the extent that an answer is required, Nelnet is without knowledge or information sufficient to respond to these averments, and therefore they are denied.

36.     Denied.  These averments are not directed at Nelnet and, on that basis, no response is required.  To the extent that an answer is required, Nelnet is without knowledge or information sufficient to respond to these averments, and therefore they are denied.

37.     Admitted.  It is admitted only that Nelnet received at least one ACDV from Experian related to Plaintiff.

38.    Admitted in part; denied in part.  It is admitted only that Nelnet received at least one ACDV from Experian related to Plaintiff.  The averment that Nelnet "did not adequately reinvestigate Plaintiff's dispute" is expressly denied, as Nelnet does not have "reinvestigation" duties under the FCRA.  Both the implication that Nelnet has not complied with any obligation imposed on it under the FCRA and that Nelnet is liable to Plaintiff for any reason whatsoever are expressly denied.  The remaining averments are denied as conclusions of law to which no response is required.

39.    Denied.  These averments are not directed at Nelnet and, on that basis, no response is required.  To the extent that an answer is required, Nelnet is without knowledge or information sufficient to respond to these averments, and therefore they are denied.

40.    Denied.  These averments are not directed at Nelnet and, on that basis, no response is required.  To the extent that an answer is required, Nelnet is without knowledge or information sufficient to respond to these averments, and therefore they are denied.

41.    Denied.  These averments are not directed at Nelnet and, on that basis, no response is required.  To the extent that an answer is required, Nelnet is without knowledge or information sufficient to respond to these averments, and therefore they are denied.

42.    Denied.  These averments are not directed at Nelnet and, on that basis, no response is required.  To the extent that an answer is required, Nelnet is without knowledge or information sufficient to respond to these averments, and therefore they are denied.

43.    Denied.  These averments are not directed at Nelnet and, on that basis, no response is required.  To the extent that an answer is required, Nelnet is without knowledge or information sufficient to respond to these averments, and therefore they are denied.

44.    Admitted in part; denied in part.  It is admitted only that Nelnet sent Plaintiff correspondence dated September 24, 2025.  The implication that this was the only correspondence sent to Plaintiff related to this disputes is expressly denied, as is Plaintiff's characterization of this correspondence.

45.    Denied.  Both the implication that Nelnet has not complied with any obligation imposed on it under the FCRA and that Nelnet is liable to Plaintiff for any reason whatsoever are expressly denied.  The remaining averments are denied as conclusions of law to which no response is required.

46.    Admitted in part; denied in part.  It is admitted only that Nelnet verified certain information Plaintiff disputed as accurate in response to one or more ACDVs.  The remaining averments are denied.

47.    Admitted in part; denied in part.  It is admitted only that Nelnet verified certain information Plaintiff disputed as accurate in response to one or more ACDVs.  The remaining averments are denied.

48.    Denied.  Both the averment that Nelnet has not complied with any obligation imposed on it under the FCRA and that Nelnet is liable to Plaintiff for any reason whatsoever are expressly denied.  The remaining averments are denied as conclusions of law to which no response is required.

### PLAINTIFF'S DAMAGES

49.    Denied.  It is expressly denied that Plaintiff took steps consistent with that of an individual who had learned that he or she was the victim of identity theft.

50.    Admitted in part; denied in part.  It is admitted only that Plaintiff disputed certain information with Nelnet directly, which disputes cannot form the basis for any liability under the FCRA.  The remaining averments are denied.

51.    Denied.  Nelnet is without knowledge or information sufficient to respond to this averment, and therefore it is denied.

52.    Denied.  Nelnet is without knowledge or information sufficient to respond to these averments, and therefore they are denied.

53.    Denied.  Nelnet is without knowledge or information sufficient to respond to these averments, and therefore they are denied.

54.    Denied.  Nelnet is without knowledge or information sufficient to respond to these averments, and therefore they are denied.

55.    Denied.  Both the implication that Nelnet has not complied with any obligation imposed on it under the FCRA and that Nelnet is liable to Plaintiff for any reason whatsoever are expressly denied.  The remaining averments are denied as conclusions of law to which no response is required.

56.    Denied.  These averments are not directed at Nelnet and, on that basis, no response is required.  To the extent that an answer is required, Nelnet is without knowledge or information sufficient to respond to these averments, and therefore they are denied.

57.    Denied.  Both the implication that Nelnet has not complied with any obligation imposed on it under the FCRA and that Nelnet is liable to Plaintiff for any reason whatsoever are expressly denied.  The remaining averments are denied as conclusions of law to which no response is required.

58. Denied. Both the suggestion that Nelnet has not complied with any obligation imposed on it under the FCRA and that Nelnet is liable to Plaintiff for any reason whatsoever are expressly denied. Nelnet is furthermore without knowledge or information sufficient to respond to these averments, and therefore they are denied.

59. Denied. Both the implication that Nelnet has not complied with any obligation imposed on it under the FCRA and that Nelnet is liable to Plaintiff for any reason whatsoever are expressly denied. Nelnet is furthermore without knowledge or information sufficient to respond to these averments, and therefore they are denied.

60. Denied. Nelnet is without knowledge or information sufficient to respond to these averments, and therefore they are denied.

61. Denied. Nelnet is without knowledge or information sufficient to respond to these averments, and therefore they are denied.

62. Denied. These averments are denied as conclusions of law to which no response is required.

63. Denied. These averments are denied as conclusions of law to which no response is required.

64. Denied. These averments are not directed at Nelnet and, on that basis, no response is required. To the extent that an answer is required, Nelnet is without knowledge or information sufficient to respond to these averments, and therefore they are denied.

65. Denied. These averments are not directed at Nelnet and, on that basis, no response is required. To the extent that an answer is required, Nelnet is without knowledge or information sufficient to respond to these averments, and therefore they are denied.

66. Denied. Both the implication that Nelnet has not complied with any obligation imposed on it under the FCRA and that Nelnet is liable to Plaintiff for any reason whatsoever are expressly denied. Nelnet is furthermore without knowledge or information sufficient to respond to these averments, and therefore they are denied.

67. Denied. Nelnet is without knowledge or information sufficient to respond to these averments, and therefore they are denied.

**COUNT I**
**15 U.S.C. § 1681e(b)**
**Failure to Follow Reasonable Procedures to Assure Maximum Possible Accuracy**
**(Defendants Equifax, Experian, and Trans Union)**

68. Nelnet incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

69. Denied. These averments are not directed at Nelnet and, on that basis, no response is required. To the extent that an answer is required, Nelnet is without knowledge or information sufficient to respond to these averments, and therefore they are denied.

70. Denied. These averments are not directed at Nelnet and, on that basis, no response is required. To the extent that an answer is required, Nelnet is without knowledge or information sufficient to respond to these averments, and therefore they are denied.

71. Denied. These averments are not directed at Nelnet and, on that basis, no response is required. To the extent that an answer is required, Nelnet is without knowledge or information sufficient to respond to these averments, and therefore they are denied.

72. Denied. These averments are not directed at Nelnet and, on that basis, no response is required. To the extent that an answer is required, Nelnet is without knowledge or information sufficient to respond to these averments, and therefore they are denied.

11

73.     Denied.  These averments are not directed at Nelnet and, on that basis, no response is required.  To the extent that an answer is required, Nelnet is without knowledge or information sufficient to respond to these averments, and therefore they are denied.

74.     Denied.  These averments are not directed at Nelnet and, on that basis, no response is required.  To the extent that an answer is required, Nelnet is without knowledge or information sufficient to respond to these averments, and therefore they are denied.

75.     Denied.  These averments are not directed at Nelnet and, on that basis, no response is required.  To the extent that an answer is required, Nelnet is without knowledge or information sufficient to respond to these averments, and therefore they are denied.

76.     Denied.  These averments are not directed at Nelnet and, on that basis, no response is required.  To the extent that an answer is required, Nelnet is without knowledge or information sufficient to respond to these averments, and therefore they are denied.

77.     Denied.  These averments are not directed at Nelnet and, on that basis, no response is required.  To the extent that an answer is required, Nelnet is without knowledge or information sufficient to respond to these averments, and therefore they are denied.

78.     Denied.  These averments are not directed at Nelnet and, on that basis, no response is required.  To the extent that an answer is required, Nelnet is without knowledge or information sufficient to respond to these averments, and therefore they are denied.

79.     Denied.  These averments are not directed at Nelnet and, on that basis, no response is required.  To the extent that an answer is required, Nelnet is without knowledge or information sufficient to respond to these averments, and therefore they are denied.

80. Denied. These averments are not directed at Nelnet and, on that basis, no response is required. To the extent that an answer is required, Nelnet is without knowledge or information sufficient to respond to these averments, and therefore they are denied.

81. Denied. These averments are not directed at Nelnet and, on that basis, no response is required. To the extent that an answer is required, Nelnet is without knowledge or information sufficient to respond to these averments, and therefore they are denied.

82. Denied. These averments are not directed at Nelnet and, on that basis, no response is required. To the extent that an answer is required, Nelnet is without knowledge or information sufficient to respond to these averments, and therefore they are denied.

**COUNT II**
**15 U.S.C. § 1681i**
**Failure to Perform a Reasonable Reinvestigation**
**(Defendants Equifax, Experian, and Trans Union)**

83. Nelnet incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

84. Denied. These averments are not directed at Nelnet and, on that basis, no response is required. To the extent that an answer is required, Nelnet is without knowledge or information sufficient to respond to these averments, and therefore they are denied.

85. Denied. These averments are not directed at Nelnet and, on that basis, no response is required. To the extent that an answer is required, Nelnet is without knowledge or information sufficient to respond to these averments, and therefore they are denied.

86. Denied. These averments are not directed at Nelnet and, on that basis, no response is required. To the extent that an answer is required, Nelnet is without knowledge or information sufficient to respond to these averments, and therefore they are denied.

87.     Denied.  These averments are not directed at Nelnet and, on that basis, no response is required.  To the extent that an answer is required, Nelnet is without knowledge or information sufficient to respond to these averments, and therefore they are denied.

88.     Denied.  These averments are not directed at Nelnet and, on that basis, no response is required.  To the extent that an answer is required, Nelnet is without knowledge or information sufficient to respond to these averments, and therefore they are denied.

89.     Denied.  These averments are not directed at Nelnet and, on that basis, no response is required.  To the extent that an answer is required, Nelnet is without knowledge or information sufficient to respond to these averments, and therefore they are denied.

90.     Denied.  These averments are not directed at Nelnet and, on that basis, no response is required.  To the extent that an answer is required, Nelnet is without knowledge or information sufficient to respond to these averments, and therefore they are denied.

91.     Denied.  These averments are not directed at Nelnet and, on that basis, no response is required.  To the extent that an answer is required, Nelnet is without knowledge or information sufficient to respond to these averments, and therefore they are denied.

92.     Denied.  These averments are not directed at Nelnet and, on that basis, no response is required.  To the extent that an answer is required, Nelnet is without knowledge or information sufficient to respond to these averments, and therefore they are denied.

93.     Denied.  These averments are not directed at Nelnet and, on that basis, no response is required.  To the extent that an answer is required, Nelnet is without knowledge or information sufficient to respond to these averments, and therefore they are denied.

94. Denied. These averments are not directed at Nelnet and, on that basis, no response is required. To the extent that an answer is required, Nelnet is without knowledge or information sufficient to respond to these averments, and therefore they are denied.

95. Denied. These averments are not directed at Nelnet and, on that basis, no response is required. To the extent that an answer is required, Nelnet is without knowledge or information sufficient to respond to these averments, and therefore they are denied.

96. Denied. These averments are not directed at Nelnet and, on that basis, no response is required. To the extent that an answer is required, Nelnet is without knowledge or information sufficient to respond to these averments, and therefore they are denied.

97. Denied. These averments are not directed at Nelnet and, on that basis, no response is required. To the extent that an answer is required, Nelnet is without knowledge or information sufficient to respond to these averments, and therefore they are denied.

98. Denied. These averments are not directed at Nelnet and, on that basis, no response is required. To the extent that an answer is required, Nelnet is without knowledge or information sufficient to respond to these averments, and therefore they are denied.

99. Denied. These averments are not directed at Nelnet and, on that basis, no response is required. To the extent that an answer is required, Nelnet is without knowledge or information sufficient to respond to these averments, and therefore they are denied.

100. Denied. These averments are not directed at Nelnet and, on that basis, no response is required. To the extent that an answer is required, Nelnet is without knowledge or information sufficient to respond to these averments, and therefore they are denied.

101.    Denied.  These averments are not directed at Nelnet and, on that basis, no response is required.  To the extent that an answer is required, Nelnet is without knowledge or information sufficient to respond to these averments, and therefore they are denied.

102.    Denied.  These averments are not directed at Nelnet and, on that basis, no response is required.  To the extent that an answer is required, Nelnet is without knowledge or information sufficient to respond to these averments, and therefore they are denied.

103.    Denied.  These averments are not directed at Nelnet and, on that basis, no response is required.  To the extent that an answer is required, Nelnet is without knowledge or information sufficient to respond to these averments, and therefore they are denied.

104.    Denied.  These averments are not directed at Nelnet and, on that basis, no response is required.  To the extent that an answer is required, Nelnet is without knowledge or information sufficient to respond to these averments, and therefore they are denied.

105.    Denied.  These averments are not directed at Nelnet and, on that basis, no response is required.  To the extent that an answer is required, Nelnet is without knowledge or information sufficient to respond to these averments, and therefore they are denied.

106.    Denied.  These averments are not directed at Nelnet and, on that basis, no response is required.  To the extent that an answer is required, Nelnet is without knowledge or information sufficient to respond to these averments, and therefore they are denied.

**COUNT III**
**15 U.S.C. § 1681c-2**
**Failure to Block Identity Theft Information**
**(Defendants Equifax, Experian, and Trans Union)**

107.    Nelnet incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

108.    Denied.  These averments are not directed at Nelnet and, on that basis, no response is required.  To the extent that an answer is required, Nelnet is without knowledge or information sufficient to respond to these averments, and therefore they are denied.

109.    Denied.  These averments are not directed at Nelnet and, on that basis, no response is required.  To the extent that an answer is required, Nelnet is without knowledge or information sufficient to respond to these averments, and therefore they are denied.

110.    Denied.  These averments are not directed at Nelnet and, on that basis, no response is required.  To the extent that an answer is required, Nelnet is without knowledge or information sufficient to respond to these averments, and therefore they are denied.

111.    Denied.  These averments are not directed at Nelnet and, on that basis, no response is required.  To the extent that an answer is required, Nelnet is without knowledge or information sufficient to respond to these averments, and therefore they are denied.

112.    Denied.  These averments are not directed at Nelnet and, on that basis, no response is required.  To the extent that an answer is required, Nelnet is without knowledge or information sufficient to respond to these averments, and therefore they are denied.

113.    Denied.  These averments are not directed at Nelnet and, on that basis, no response is required.  To the extent that an answer is required, Nelnet is without knowledge or information sufficient to respond to these averments, and therefore they are denied.

114.    Denied.  These averments are not directed at Nelnet and, on that basis, no response is required.  To the extent that an answer is required, Nelnet is without knowledge or information sufficient to respond to these averments, and therefore they are denied.

115.    Denied.  These averments are not directed at Nelnet and, on that basis, no response is required.  To the extent that an answer is required, Nelnet is without knowledge or information sufficient to respond to these averments, and therefore they are denied.

116.    Denied.  These averments are not directed at Nelnet and, on that basis, no response is required.  To the extent that an answer is required, Nelnet is without knowledge or information sufficient to respond to these averments, and therefore they are denied.

117.    Denied.  These averments are not directed at Nelnet and, on that basis, no response is required.  To the extent that an answer is required, Nelnet is without knowledge or information sufficient to respond to these averments, and therefore they are denied.

118.    Denied.  These averments are not directed at Nelnet and, on that basis, no response is required.  To the extent that an answer is required, Nelnet is without knowledge or information sufficient to respond to these averments, and therefore they are denied.

119.    Denied.  These averments are not directed at Nelnet and, on that basis, no response is required.  To the extent that an answer is required, Nelnet is without knowledge or information sufficient to respond to these averments, and therefore they are denied.

120.    Denied.  These averments are not directed at Nelnet and, on that basis, no response is required.  To the extent that an answer is required, Nelnet is without knowledge or information sufficient to respond to these averments, and therefore they are denied.

121.    Denied.  These averments are not directed at Nelnet and, on that basis, no response is required.  To the extent that an answer is required, Nelnet is without knowledge or information sufficient to respond to these averments, and therefore they are denied.

122. Denied. These averments are not directed at Nelnet and, on that basis, no response is required. To the extent that an answer is required, Nelnet is without knowledge or information sufficient to respond to these averments, and therefore they are denied.

**COUNT IV**
**15 U.S.C. § 1681s-2b**
**Failure to Conduct an Investigation of the Disputed Information and Review of all**
**Relevant Information Provided by the Consumer**
**(Defendant Nelnet Only)**

123. Nelnet incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

124. Denied. Both the implication that Nelnet has not complied with any obligation imposed on it under the FCRA and that Nelnet is liable to Plaintiff for any reason whatsoever are expressly denied. The implication that Plaintiff sufficiently supported any purported claims of identity theft is furthermore expressly denied.

125. Denied. This averment is denied as a conclusion of law to which no response is required. The averment that Nelnet has not complied with any obligation imposed on it under the FCRA is expressly denied. To the extent a further answer is required, the remaining averments are denied.

126. Denied. Both the implication that Nelnet has not complied with any obligation imposed on it under the FCRA and that Nelnet is liable to Plaintiff for any reason whatsoever are expressly denied. Nelnet is without knowledge or information sufficient to respond to the remaining averments, and therefore they are denied.

127. Denied. Both the implication that Nelnet has not complied with any obligation imposed on it under the FCRA and that Nelnet is liable to Plaintiff for any reason whatsoever are

19

expressly denied. Nelnet is without knowledge or information sufficient to respond to the remaining averments, and therefore they are denied.

128. Denied. Both the implication that Nelnet has not complied with any obligation imposed on it under the FCRA and that Nelnet is liable to Plaintiff for any reason whatsoever are expressly denied. Nelnet is without knowledge or information sufficient to respond to the remaining averments, and therefore they are denied.

129. Denied. Both the implication that Nelnet has not complied with any obligation imposed on it under the FCRA and that Nelnet is liable to Plaintiff for any reason whatsoever are expressly denied. Nelnet is without knowledge or information sufficient to respond to the remaining averments, and therefore they are denied.

130. Denied. Both the implication that Nelnet has not complied with any obligation imposed on it under the FCRA and that Nelnet is liable to Plaintiff for any reason whatsoever are expressly denied. Nelnet is without knowledge or information sufficient to respond to the remaining averments, and therefore they are denied.

131. Denied. Both the implication that Nelnet has not complied with any obligation imposed on it under the FCRA and that Nelnet is liable to Plaintiff for any reason whatsoever are expressly denied. Nelnet is without knowledge or information sufficient to respond to the remaining averments, and therefore they are denied.

132. Denied. This averment is denied as a conclusion of law to which no response is required. Both the averments that Nelnet has not complied with any obligation imposed on it under the FCRA and that Nelnet is liable to Plaintiff for any reason whatsoever are expressly denied. To the extent a further answer is required, the remaining averments are denied.

133.    Denied.  This averment is denied as a conclusion of law to which no response is required.

## PRAYER FOR RELIEF

WHEREFORE, Nelnet respectfully requests that this Court enter judgment in its favor and against Plaintiff, and for such other and further relief as may be appropriate under the circumstances.

## JURY DEMAND

Denied.  This averment is denied as a conclusion of law to which no response is required.

## NELNET'S DEFENSES AND AFFIRMATIVE DEFENSES

In further response to the Complaint, Nelnet hereby asserts the following affirmative and other defenses, without conceding that it bears the burden of persuasion as to any of them.

## FIRST DEFENSE

134.    Plaintiff has failed to state a claim upon which relief can be granted against Nelnet. The data furnished by Nelnet regarding Plaintiff's accounts was not patently incorrect or misleading in such a way and to such an extent it could be expected to have an adverse effect, and therefore no violation of the FCRA has occurred.  In the alternative, or in addition, Nelnet's investigations of Plaintiff's disputes were reasonable in all respects.  In the alternative, or in addition, Nelnet's data furnishing regarding Plaintiff's account was not the direct or proximate cause of Plaintiff's claimed harm, and therefore no violation of the FCRA has occurred.  In the alternative, or in addition, Plaintiff is not entitled to recover damages because Nelnet's actions were not malicious, egregious, in bad faith, in willful or reckless indifference or disregard of Plaintiff's legal rights, or negligent, and Plaintiff's damages, if any, are limited by federal statute.

21

**SECOND DEFENSE**

135.    This Court lacks subject matter jurisdiction over this proceeding because Plaintiff has not suffered an injury-in-fact that is both concrete and particularized and therefore lacks standing to bring this suit.   These contentions are likely to have evidentiary support after a reasonable opportunity for investigation and discovery.

**THIRD DEFENSE**

136.    Any and all damages allegedly sustained by Plaintiff are the direct and proximate cause of Plaintiff's own conduct.   These contentions are likely to have evidentiary support after a reasonable opportunity for investigation and discovery.

**FOURTH DEFENSE**

137.    Plaintiff's claims for relief are barred because Plaintiff has failed to mitigate his damages.   Among other things, Plaintiff failed to first secure a legal determination of the dischargeability of his educational loans or material documentation related to the prosecution of the identity thief, rather than resorting to litigation on account of alleged credit report inaccuracies.

**FIFTH DEFENSE**

138.    Plaintiff's claims for relief are barred by the applicable statute of limitations.

**SIXTH DEFENSE**

139.    Plaintiff's claims for relief are barred by the doctrine of equitable estoppel.   Among other things, Plaintiff took steps to rehabilitate and/or made payments on the educational loan accounts that are now serviced by Nelnet; applied for deferments and/or forbearances on the educational loan accounts that are now serviced by Nelnet; offered to make arrangements to settle the debt on the educational loan accounts; and demanded statements for the amounts due and

22

owing on the educational loan accounts for the purpose of making payment arrangements for the same, all of which facts also support the reasonableness of the investigations conducted by Nelnet.

## SEVENTH DEFENSE

140. Plaintiff's claims for relief are barred by the doctrine of laches. Plaintiff's dilatory conduct includes, but is not limited to, failing to contest the accuracy of tradelines he has known, or should have known, were the product of fraud within a reasonable amount of time to the prejudice of Nelnet.

## EIGHTH DEFENSE

141. Plaintiff's claims for relief are barred by the doctrine of waiver. Plaintiff's conduct, action, and inaction amounted to and constituted a waiver of any right or rights that Plaintiff might have in relation to the matters alleged in the Complaint. These contentions are likely to have evidentiary support after a reasonable opportunity for investigation and discovery.

## NINTH DEFENSE

142. Plaintiff's claims for relief are barred by the doctrine of ratification. Among other things, Plaintiff took steps to rehabilitate and/or made payments on the educational loan accounts that are now serviced by Nelnet; applied for deferments and/or forbearances on the educational loan accounts that are now serviced by Nelnet; offered to make arrangements to settle the debt on the educational loan accounts; and demanded statements for the amounts due and owing on the educational loan accounts for the purpose of making payment arrangements for the same, all of which facts also support the reasonableness of the investigations conducted by Nelnet.

## TENTH DEFENSE

143. Nelnet was entitled to rely on its original, reasonable investigations of Plaintiff's direct and/or indirect disputes because no new or useful information was provided to Nelnet in

connection with successive disputes.  Plaintiff furthermore failed to respond, or completely and accurately respond, to Nelnet's several requests for additional information in support of his claim of identity theft.

## ELEVENTH DEFENSE

144.    Plaintiff's claims may be barred, in whole or in part, because as a government contractor, Nelnet is immune from suit under the doctrine of derivative sovereign immunity.

## TWELFTH DEFENSE

145.    Plaintiff's damages, if any, should be apportioned in accordance with the fault or legal responsibility of all other parties, persons, agents, or entities who caused such damages based upon evidence as presented at trial.

## THIRTEENTH DEFENSE

146.    Plaintiff's claims for relief are barred by the doctrines of superseding and/or intervening causes as Plaintiff's losses, if any, were caused by another party.  Among other things, Nelnet did not receive copies of the notices of dispute from the consumer reporting agencies, which fact also supports the reasonableness of the investigations conducted by Nelnet.

## FOURTEENTH DEFENSE

147.    Plaintiff's claims for relief are barred because the information disputed by Plaintiff was not objectively and readily verifiable by Nelnet.

## FIFTEENTH DEFENSE

148.    Nelnet reserves the right to file a motion for an award of attorneys' fees in the event it determines that Plaintiff's pleadings, motions, or other papers in this action were filed in bad faith or for the purposes of harassment under 15 U.S.C. § 1681o(b).

**SIXTEENTH DEFENSE**

149.   Nelnet reserves the right to add or assert additional affirmative defenses as they become known through discovery or investigation.

WHEREFORE, Nelnet respectfully requests that this Court enter judgment in its favor and against Plaintiff, and for such other and further relief as may be appropriate under the circumstances.

Respectfully submitted:

**KLEHR HARRISON HARVEY BRANZBURG LLP**

By:   */s/Corinne Samler Brennan*
Raymond H. Lemisch, Esquire
Corinne Samler Brennan, Esquire
(*admitted pro hac vice*)
1835 Market Street, Suite 1400
Philadelphia, PA 19103
Telephone: (215) 569-3393
Email: cbrennan@klehr.com

*Attorney for Defendant*
*Nelnet Servicing, LLC*

Date:   April 6, 2026