**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT**

| | |
|---|---|
| SEAN MICHAEL ALMONTE, <br><br> Plaintiff, <br><br> v. <br><br> EQUIFAX INFORMATION SERVICES, LLC, EXPERIAN INFORMATION SOLUTIONS, INC., TRANS UNION LLC, AND NELNET SERVICING, LLC <br><br> Defendants. | Case No.: 3:26-cv-00139-OAW |

## 26(f) REPORT OF PARTIES' PLANNING MEETING

| | |
|---|---|
| **Date Complaint Filed:** | **January 29, 2026** |
| **Date Complaint Served:** | **February 18, 2026** <br> *Equifax Information Servies, LLC* <br> **February 19, 2026** <br> *Experian Information Solutions, Inc.* <br> **February 18, 2026** <br> *Trans Union LLC* <br> **February 4, 2026** <br> *Nelnet Servicing, LLC* |
| **Date of Defendants' Appearance:** | **March 6, 2026** <br> *Equifax Information Servies, LLC* <br> **March 2, 2026** <br> *Experian Information Solutions, Inc.* <br> **March 10, 2026** <br> *Trans Union LLC* <br> **February 5, 2026** <br> *Nelnet Servicing, LLC* |

Pursuant to Fed. R. Civ. P. 16(b), Fed. R. Civ. P. 26(f), and D. Conn. L. Civ. R. 16, a 26(f)

conference was held on **April 22, 2026**. The participants were:

Nisan Zaghi for Plaintiff Sean Michael Almonte

1

Tyler G. Haas for Defendant Equifax Information Services, LLC

Timothy J. Lee for Defendant Trans Union LLC ("Trans Union")

Corinne Samler Brennan for Defendant Nelnet Servicing, LLC

Plaintiff and Defendant Experian Information Solutions, Inc. ("Experian"), have resolved the claims between them in this matter and filed a Notice of settlement on March 26, 2026 [ECF No. 36].

## I.      *Certification*

Undersigned counsel (after consultation with their clients) and any undersigned self-represented parties certify that (a) they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case; and (b) they have developed the following proposed case management plan. Counsel further certify that they have forwarded a copy of this report to their clients.

## II.     *Jurisdiction*

### A.      *Subject Matter Jurisdiction*

Plaintiff asserts this Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p (allowing FCRA claims to be brought in any "court of competent jurisdiction").  Defendant Nelnet Servicing, LLC ("Nelnet") does not concede that this Court has subject matter jurisdiction over this action because Plaintiff has not proven that he suffered a concrete injury in fact and therefore lacks standing to bring this suit.  See e.g. Trans Union LLC v. Ramirez, 141 S. Ct. 2190 (2021).

Nelnet, Equifax,and Trans Union do not contest venue in this matter.

### B.      *Personal Jurisdiction*

Nelnet, Equifax, and Trans Union do not contest personal jurisdiction in this matter.

### III.    *Brief Description of Case*

### A.    *Claims of Plaintiff/s:*

This action, filed on January 29, 2026 (Docket No. 1), arises from violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq. by Defendants Equifax Information Services, LLC ("Equifax"), Experian Information Solutions, Inc. ("Experian"), Trans Union LLC ("Trans Union") and Nelnet.

Plaintiff contends that the Defendants Equifax, Experian, and Trans Union violated 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's credit file. Defendants Equifax, Experian, and Trans Union inaccurately reported fraudulent information on Plaintiff's credit file. Defendants Equifax, Experian, and Trans Union violated 15 U.S.C. § 1681i by failing to conduct a reasonable reinvestigation to determine whether the disputed information was inaccurate and record the current status of the disputed information, or delete the disputed information, before the end of the 30-day period beginning on the date on which it received notice of Plaintiff's dispute; and by failing to maintain reasonable procedures with which to filter and verify information in Plaintiff's credit files. Defendants Equifax, Experian, and Trans Union also violated 15 U.S.C. § 1681c-2 for failure to block identity theft information. Defendant Nelnet violated 15 U.S.C. § 1681s-2b by failing to fully and properly investigate Plaintiff's dispute(s), and for failing to review all relevant information provided by Plaintiff.

Specifically, as a result of Defendants' conduct, action, and inaction, Plaintiff suffered damages including but not limited to, loss of ability to purchase and benefit from his good credit rating, detriment to his credit rating, reduced overall creditworthiness, expenditure of time and money disputing the fraudulent reporting; emotional distress including without limitation,

3

emotional and mental anguish and pain, sleep loss, reputational damage, humiliation, stress, anger, frustration, shock, fear, worry, anxiety, and embarrassment.

**B.      Defenses and Claims (Affirmative Defenses, Counterclaims, Third Party Claims, Cross Claims) (either pled or anticipated) of Defendant:**

Defendant Equifax: Equifax is a consumer reporting agency as that term is defined in the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. ("FCRA"). Equifax denies Plaintiff's claims and denies that it violated the FCRA. Equifax disputes that it failed to comply with §§ 1681e and/or 1681i, or any other portion of the FCRA, and denies that it is liable to Plaintiff. Equifax specifically states that it maintained reasonable procedures to assure maximum possible accuracy in its credit reports concerning Plaintiff. Additionally, Equifax denies that Plaintiff is entitled to any of the relief sought in the Complaint, and specifically denies that Plaintiff can support a claim for punitive damages in this action. Equifax makes this statement without waiving any defenses and reserves the right to supplement this statement as the facts are developed.

Defendant Trans Union: Defendant Trans Union denies that it violated the FCRA (or any other law). Trans Union states that is a consumer reporting agency as that term is defined by the FCRA and states that at all times relevant, Trans Union maintained reasonable procedures to assure maximum possible accuracy of the relevant information concerning Plaintiff and Trans Union complied with the requirements of the FCRA with respect to Plaintiff. Trans Union furthermore properly initiated and conducted any required reinvestigation(s) pursuant to the FCRA. As such, any damages Plaintiff may have sustained were not caused by Trans Union.

Defendant Nelnet: Nelnet denies that it has violated the FCRA in any way.  Specifically, (i) the data furnished by Nelnet regarding Plaintiff's accounts was not patently inaccurate or misleading in such a way that it could be expected to have an adverse effect, (ii) Nelnet's investigation(s) of Plaintiff's dispute(s) was reasonable in all respects, (iii) Plaintiff has not

suffered a concrete injury in fact and lacks standing to bring the suit, (iv) Nelnet's data furnishing regarding Plaintiff's accounts is not the direct or proximate cause of Plaintiff's claimed harm, (v) Nelnet's actions were not malicious, egregious, in bad faith, or in willful or reckless indifference or disregard of Plaintiff's legal rights, or negligent, (vi) Plaintiff's damages, if any, are limited by applicable federal and/or state statutes and the case law interpreting them, (vii) any and all damages allegedly sustained by Plaintiff are the direct and proximate cause of Plaintiff's own conduct, (viii) Plaintiff's claims for relief are barred because Plaintiff failed to mitigate his damages as a result of, *inter alia*, Plaintiff's failure to first secure a legal determination or other paperwork evidencing eligibility for discharge or prosecution of the purported identity theft, (ix) Plaintiff's claims are barred by the statute of limitations, (x) Plaintiff's claims for relief are barred by the doctrines of equitable estoppel, waiver, and ratification as a result of, *inter alia*, Plaintiff's efforts to rehabilitate, make payments on, secure deferments or forbearances of, and settle the obligations, (xi) Plaintiff's claims are barred by the doctrine of laches because, *inter alia*, Plaintiff failed to contest the accuracy of the tradelines he has known, or should have known, were the product of fraud within a reasonable amount of time to the prejudice of Nelnet, (xii) Nelnet was entitled to rely on its original, reasonable investigations of Plaintiff's disputes because no new or useful information was provided to Nelnet, (xiii) Nelnet is immune from suit under the doctrine of derivative sovereign immunity; (xiv) Plaintiff's damages, if any, should be apportioned in accordance with the legal responsibility of all other parties, persons, agents, or entities who caused such damages, (xv) Plaintiff's claims are barred by the doctrines of superseding and/or intervening causes, and (xvi) Plaintiff's claims are barred because the information disputed was not objectively and readily verifiable by Nelnet.

*C.*     ***Defenses and Claims of Third Party Defendant:***

None.

*IV.*     ***Statement of Undisputed Facts***

Counsel and self-represented parties certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute and that they expect to be able to prepare a list of undisputed facts after conducting discovery.

*V.*     ***Case Management Plan:***

*A.*     ***Initial Disclosures***

Initial disclosures will be served by **May 6, 2026.**

*B.*     ***Scheduling Conference***

1.     The parties request to be excused from holding a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b).

2.     The parties prefer that a scheduling conference, if held, be conducted by telephone.

*C.*     ***Early Settlement Conference***

1.     The parties certify that they have considered the potential benefits of attempting to settle the case before undertaking significant discovery or motion practice. Settlement, if any, would be likely to be resolved informally between the parties.

2.     The parties do not request an early settlement conference.

3.     The parties prefer a settlement conference, when such a conference is held, with a magistrate judge.

4.     The parties do not request a referral for alternative dispute resolution

pursuant to D. Conn. L. Civ. R. 16.

**D.    *Joinder of Parties, Amendment of Pleadings, and Motions Addressed to the Pleadings***

The Parties do not intend to amend any pleadings or join any parties.

**E.    *Discovery***

a.    Recognizing that the precise contours of the case, including the amounts of damages at issue, if any, may not be clear at this point in the case, in making the proposals below concerning discovery, the parties have considered the scope of discovery permitted under Fed. R. Civ. P. 26(b)(1). At this time, the parties wish to apprise the Court of the following information regarding the "needs of the case":

Plaintiff's Position: Discovery has not yet been taken. Plaintiff anticipates serving written discovery requests after the Rule 26(f) conference. Plaintiff agrees that the Federal Rules of Civil Procedure will govern discovery and does not request any modifications of the discovery rules. Plaintiff anticipates the need for written discovery, third-party discovery, depositions and expert discovery. Plaintiff reserves the right to utilize other permitted means of discovery as might be necessary.

Defendant Equifax's Position: Equifax anticipates exchanging written discovery requests after the Rule 26(f) Conference, and any necessary subpoenas to third parties. Equifax further anticipates taking Plaintiff's deposition, as well as the deposition of any necessary third parties that come to light throughout discovery.

Defendant Trans Union's Position: Trans Union anticipates a first round of written discovery to include Interrogatories, Request for Admissions, and Request for Production of Documents to Plaintiff and any necessary subpoenas to third parties. Trans Union further anticipates taking Plaintiff's deposition, as well as the deposition of any necessary third parties that come to light throughout discovery.

Defendant Nelnet's Position:    Defendant Nelnet anticipates that discovery will be

necessary in connection with this case, but that the same may be limited to 1-2 rounds of served written discovery requests, Nelnet's issuance of fewer than six (6) subpoenas, and Nelnet's taking of less than five (5) depositions, inclusive of both fact witnesses and experts.  Nelnet expressly reserves the right to engage in discovery beyond that identified herein.  Nelnet does not request any modifications of the Federal Rules of Civil Procedure relating to discovery.

b.    The parties anticipate that discovery will be needed on the following subjects: [list each of the principal issues of fact on which discovery will be needed; a statement that, e.g., "discovery will be needed on liability and damages" is insufficient].

Plaintiff anticipates conducting discovery on the following subjects:

a) The circumstances surrounding Defendants' collection, verification, furnishing and/or reporting of the credit information at issue in this case;

b) Defendants Equifax, Experian, and Trans Union's policies and procedures utilized to assure maximum possible accuracy in compliance with 15 U.S.C. § 1681e(b), as applicable;

c) Defendants Equifax, Experian, and Trans Union's policies and procedures regarding receiving a dispute from a consumer, providing notice of the consumer's dispute to the furnisher of the disputed information, and the processes by which Defendants are meant to conduct a reasonable investigation of the information disputed by a consumer, as applicable;

d) The actual actions taken by Defendants in response to their receipt of Plaintiff's dispute(s);

e) Defendants Equifax, Experian, and Trans Union's policies and procedures regarding the prevention of the reappearance of inaccurate information, in compliance with 15 U.S.C. § 1681i;

f) Defendants Equifax, Experian, and Trans Union's policies and procedures regarding blocking the reporting of the disputed information, in compliance with 15 U.S.C. § 1681c-2;

g) Defendant Nelnet's policies and procedures regarding investigation of the disputed information and review of all relevant information provided by the consumer, in compliance with 15 U.S.C. § 1681c-2b;

8

h) Defendants' maintenance, preparation, and publication of Plaintiff's consumer reports and credit file; and

i) Third party discovery necessary to establish causation and damages.

Defendant Equifax: Equifax anticipates conducting written and oral discovery on the following subjects: (1) whether Plaintiff's Equifax credit file contained an inaccuracy; (2) whether any Equifax consumer report regarding Plaintiff contained an inaccuracy; (3) whether Equifax failed to maintain reasonable procedures to assure the maximum possible accuracy of consumer reports regarding Plaintiff; (4) whether Plaintiff disputed the accuracy of an item of information on Plaintiff's Equifax credit file; (5) whether any reinvestigation conducted by Equifax violated the FCRA; (6) whether Plaintiff has met the burden of proving a claim against Equifax for negligent noncompliance with the FCRA; (7) whether Plaintiff has met the burden of proving a claim against Equifax for willful noncompliance with the FCRA; (8) whether Plaintiff has suffered any damages proximately caused by any action or Inaction of Equifax; (9) whether Plaintiff is entitled to any damages (actual, punitive, statutory, costs and/or fees) from Equifax pursuant to the FCRA; (10) whether any damages suffered by Plaintiff was caused in whole or in part by a third party, an intervening or superseding cause, and/or action of Plaintiff; (11) whether Plaintiff failed to mitigate Plaintiff's damages; (12) whether some or all of Plaintiff's claims are barred by applicable statute of limitations; and (13) whether Plaintiff's claims for punitive damages under the FCRA violate the U.S. Constitution.

Defendant Trans Union: Trans Union asserts that the principal issues of the case are:  1) Whether Plaintiff was the cause of any alleged misreporting by Trans Union.; 2) Whether Plaintiff can demonstrate, as required, that Trans Union reported inaccurate information about Plaintiff; 3) Whether Trans Union maintained reasonable procedures to ensure accurate reporting; 4) The nature and basis of Plaintiff's alleged disputes to Trans Union and Trans Union's handling of same;

5) Whether Plaintiff can demonstrate, as required, that he suffered any damages and that such damages were causally related to any violation of the FCRA; 6) Whether Trans Union maintained and followed reasonable procedures designed to ensure maximum possible accuracy in accordance with 15 U.S.C. § 1681e(b); and 7) Whether the aforementioned factual issues establish the basis for any claims against Trans Union pursuant to Sections 1681e(b) and 1681i of the FCRA.

Defendant Nelnet:  Defendant Nelnet anticipates that discovery will be needed on the following subjects: the circumstances surrounding the alleged identity theft; Plaintiff's efforts to correct or otherwise address the alleged identity theft; the use and application of the proceeds of the purported identity theft including, but not limited to, the educational history; Plaintiff's efforts to rehabilitate, pay, ratify, forbear, defer, settle, and/or engage in other activities related to the educational loans; the history of Plaintiff's educational loans; all aspects of Plaintiff's disputes including, but not limited to, who prepared the disputes, what was contained in or accompanied the disputes, where disputes were sent, when disputes were sent, and why disputes were sent; all aspects of Plaintiff's credit including, but not limited to, his consumer reports, the identities of parties to whom he applied for credit, the purpose and timing of credit applications, the outcome of credit applications, and the existence of other creditors or tradelines; the specific details forming the basis of Plaintiff's alleged soft damages, if any; the mathematical calculation of Plaintiff's alleged financial damages, if any; and the connection between Plaintiff's alleged damages, if any, and the identities of third parties who may have knowledge of any of the foregoing.

c.    All discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4), will be completed by **December 18, 2026**.

d.    Discovery will not be conducted in phases.

e.    If discovery will be conducted in phases, describe each phase and state the date

10

by which it will be completed by. **Not Applicable.**

f.      The parties anticipate that the plaintiff will require a total of **8** depositions of fact witnesses and that Defendant Equifax will require a total of **4** depositions of fact witnesses, Defendant Trans Union will require a total of **4** depositions of fact witnesses and Defendant Nelnet will require a total of **4** depositions of fact witnesses.

The depositions will commence by **November 2, 2026,** and be completed by **November 30, 2026**.

g.      The parties will <u>not</u> request permission to serve more than **25** interrogatories.

h.      Plaintiff intends to call expert witnesses at trial.

Defendant Equifax does not anticipate using expert witnesses in this matter, save for rebuttal.

Defendant Trans Union does not anticipate using expert witnesses in this matter, save for rebuttal.

Defendant Nelnet intends to call expert witnesses at trial.

i.      Parties will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) on any issues on which they bear the burden of proof by **November 2, 2026.** Depositions of any such experts will be completed by **November 30, 2026.**

j.      Parties will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) on any issues on which they do not bear the burden of proof by **November 16, 2026.** Depositions of any such experts will be completed by **November 30, 2026.**

k.      A damages analysis will be provided by any party who has a claim or counterclaim

for damages by **October 30, 2026.**

l.      Undersigned counsel (after consultation with their respective clients concerning computer-based and other electronic information management systems, including historical, archival, back-up and legacy files, in order to understand how information is stored and how it may be retrieved) and self-represented parties have discussed the disclosure and preservation of electronically stored information, including, but not limited to, the form in which such data shall be produced, search terms and/or other techniques to be used in connection with the retrieval and production of such information, the location and format of electronically stored information, appropriate steps to preserve electronically stored information, and the allocation of costs of assembling and producing such information. The parties agree to the following procedures for the preservation, disclosure and management of electronically stored information. Following is the position of each party:

Discovery may encompass electronically stored information ("ESI"). The parties acknowledge their obligation to take reasonable and proportionate steps for preserving relevant and discoverable ESI within their possession, custody, or control. Each party shall conduct diligent searches of all reasonably accessible sources which it has reason to believe may contain ESI responsive to the opposing party's discovery requests. The parties acknowledge, further, that requests for ESI, and responses to those requests, must be reasonably targeted, clear, and as specific as practicable.  The parties have discussed the production of ESI and have not agreed on a specific limit of the scope of production.  Should any dispute concerning ESI arise during the pendency of this matter, the parties have agreed to meet and confer before seeking intervention from the Court.

m.      Undersigned counsel after consultation with their clients and self-represented parties have also discussed the location(s), volume, organization, and costs of retrieval of information stored in paper or other non-electronic forms. The parties agree to the following procedures for the preservation, disclosure and management of such information.

The parties will produce ESI in unitized, fixed image format (e.g., .pdf or .tif) with accompanying text, to the extent available. Plaintiff wishes to reserve the right to redact from his ESI individually identifiable medical or health related information, the production of which may be governed or limited by federal or state statute.

Electronic service:

The parties agree that pursuant to Rules 5(b)(2)(E) and 6(d) of the Federal Rules of Civil Procedure any pleadings or other papers may be served by sending such documents by email to the email address(es) listed below (or any updated email address provided to all counsel of record). The format to be used for attachments to any email message shall be Microsoft Word (.doc) or Adobe Acrobat (.pdf).  If an error or delayed delivery message is received by the sending party, that party shall promptly (within one business day of receipt of such message) notify the intended recipient of the message and serve the pleading or other papers by other authorized means.

| **Party** | **Email Service Address(es)** |
|---|---|
| Plaintiff Sean Michael Almonte | Emanuel Kataev (ekataev@consumerattorneys.com) Nisan Zaghi (nzaghi @consumerattorneys.com) Yitzchok Frenkel (yfrenkel@consumerattorneys.com) Irina Iakovleva (iiakovleva@consumerattorneys.com) Ann Stevenson (astevenson@consumerattorneys.com) |
| Defendant Equifax Information Services, LLC | Tyler G. Haas (thaas@rc.com) Ritika Singh rsingh@seyfarth.com Jennifer R. Brooks jrbrooks@seyfarth.com Kayla Hall khall@seyfarth.com |
| Defendant Trans Union LLC | Timothy J. Lee (tlee@fillaw.com) Sterling Satterfield (sterling.satterfield@qslwm.com) William Huse (whuse@qslwm.com) Kimberly Nagl (knagl@qslwm.com) ) |

13

| Defendant Nelnet Servicing, LLC | Corinne Brennan (cbrennan@klehr.com) Raymond H. Lemisch (rlemisch@klehr.com) |
|---|---|

n.     Undersigned counsel and self-represented parties have discussed discovery procedures that minimize the risk of waiver of privilege or work-product protection, including procedures for asserting privilege claims after production. The parties agree to the following procedures for asserting claims of privilege after production.

The parties do not anticipate any issue regarding electronically stored information. Plaintiff and Defendant shall serve any Requests for Production pursuant to Fed. R. Civ. P. 34. Plaintiff and Defendants shall respond in good faith, producing such hard copy and electronic documents as it locates through a reasonable search.  If after a reasonable review of the production, Plaintiff or any Defendant determine, in good faith, that additional information is needed, the parties will discuss the specific information sought and attempt to reach agreement on a search method to determine if the information sought can be located or confirmed not to exist.  If the parties cannot reach an agreement, Plaintiff or any Defendant may raise the issue with the Court through a request for discovery conference, a motion to compel, or a motion for protective order.

The parties agree that if a receiving party believes that privileged or protected material may have been inadvertently disclosed or produced, said party will advise the producing party and proceed as required if such party asserts inadvertent disclosure. The parties agree that the recall, sequester, or return of any privileged or protected material is without waiver of the right to contest the claim of privilege or protection. The parties agree the mere fact of an inadvertent disclosure is not sufficient to waive any claim of privilege or protection.  Before any party makes a motion to compel or challenges the claim of privilege, protection, or inadvertence of production or disclosure, the parties shall meet and confer regarding the challenge and attempt to find a way to resolve the dispute.  The parties intend for their agreement to be considered an order pursuant to

Federal Rule of Evidence 502(d). The parties agree that the standard Federal Rule of Evidence 502(b) applies to resolve any dispute about the inadvertence of a production or disclosure.

The parties anticipate that there will be a need for some discovery in this case to be governed by the Standing Protective Order entered on January 29, 2026 [ECF No. 7].

**F.      Other Scheduling Issues**

The parties have no other scheduling issues to address at this time.

**G.      Summary Judgment Motions:**

Summary judgment motions, which must comply with Local Rule 56, will be filed on or before **January 22, 2027.**

**H.      Joint Trial Memorandum**

The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed by **May 7, 2027**.

**VI.      TRIAL READINESS**

The case will be ready for trial by **June 4, 2027**.

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.


Dated: May 6, 2026

*/s/ Nisan Zaghi*
Nisan Zaghi, NY Bar # 5711072
*Admitted Pro Hac Vice*
**CONSUMER ATTORNEYS PLLC**
68-29 Main Street
Flushing NY 11367
T: (718) 925-0276
F: (718) 247-8020
E: nzaghi@consumerattorneys.com

*/s/ Corinne Samler Brennan*
Corinne Samler Brennan, Esq. (PHV)
**KLEHR HARRISON HARVEY
BRANZBURG LLP**
1835 Market Street, Suite 1400
Philadelphia, PA 19103
T: (215) 569-3393
cbrennan@klehr.com

15

Emanuel Kataev, Esq. Bar# 435851
**Consumer Attorneys PLLC**
68-29 Main Street
Flushing NY 11367
T: (718) 412-2421 (office)
F: (718) 489-4155 (facsimile)
E: ekataev@consumerattorneys.com

*Attorneys for Plaintiff,*
*Sean Michael Almonte*


/s/ T. Sterling Satterfield
T. Sterling Satterfield, Esq.
*Admitted Pro Hac Vice*
**Quilling, Selander, Lownds**
**Winslett & Moser, P.C.**
10333 N. Meridian St., Suite 200
Indianapolis, IN 46290
Telephone: (317) 497-5600, Ext. 616
Fax: (317) 899-9348
E-Mail: sterling.satterfield@qslwm.com


Timothy J. Lee, Esq.
**FASANO, IPPOLITO, LEE &**
**FLORENTINE, LLC**
197 Montowese Street
Branford, CT 06405
T: (203) 787-6555
F: (203) 776-2119
tlee@fillaw.com

*Attorneys for Defendant,*
*Trans Union LLC*

Raymond H. Lemisch, Esq.
**KLEHR HARRISON HARVEY**
**BRANZBURG LLP**
1835 Market Street, Suite 1400
Philadelphia, PA 19103
Telephone: (215) 569-4298
Email: rlemisch@klehr.com

*Attorney for Defendant*
*Nelnet Servicing, LLC*


/s/ Tyler G. Haas
Tyler G. Haas
**ROBINSON & COLE LLP**
One State Street
Hartford, CT 06103
T: 860-275-8200
F: 860-275-8299
thaas@rc.com

*Attorneys for Defendant,*
*Equifax Information Services, LLC*

16

**CERTIFICATE OF SERVICE**

I hereby certify that on May 6, 2026, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which will send notice of such filing to all attorneys of record in this matter. Since none of the attorneys of record are non-ECF participants, hard copies of the foregoing have not been provided via personal delivery or by postal mail.

By: */s/ Ann Stevenson*